Longworth, J.
The district court was cleax-ly right in holding that the costs made between the first and second trials, and the increased costs for issuing and levying execution and advertising, were a lien upon the lands of the judgment debtoi’, subsequent in order of pxdox’ity to the mortgage lien of the building association. As to the costs made betweeix the fix-st and second trials they were not adjudged against either party until the rendition of the second judgment, of which they formed a component part. As to the costs accruing after the second judgment they wex*e wholly unconnected with the former judgment and wex’e incurred upon final process.
A judgment lien is a creature of the statute, and does not exist except by its authority. By the provisions of the Code, such lien attaches upon the debtor’s lands and tenements on the first day of the term at which such judgment is rendered; in no case does it ante-date the term. A pending action may, it is tnxe, affect the title to land from the time of its commencement ; but this is wholly disconnected with the subject of which we are speaking; such cases are in the nature of proceedings in rem and directly affect the defendant’s title to or interest in the land. With no propriety can such pending action, *395 or the judgment rendered therein, be called a Hen upon the land in dispute.
The judgment of Mrs. Loomis was for money only, and could not affect the land otherwise than in being a charge upon it as provided by statute.
The statute concerning second trials (2 S. & C. 1160) declares : “ In all cases where the party against whom a judgment is,rendered obtains a second trial under the act to which this is amendatory and supplementary, the lien of the opposite party so obtaining such second trial, created by said judgment, shall not be by the obtaining of such second trial removed or vacated, but the real estate of said party so obtaining such second trial, shall be bound in the same manner as if said second trial had not been demanded, until the final determination of the case.”
It cannot be claimed that the lien of the first judgment is preserved only “until the final determination of the ease,” and that it then becomes merged in the lien of the final judgment, since, inasmuch as it could not be asserted until the final determination of the case, if such final determination removed the Hen, it would be an unavailable and valueless thing, and the statute reserving it an absurdity.
On the other hand it is equally unreasonable to assert that the lien of the second judgment, when rendered, relates back to the term of the first judgment. The statute does not so provide in terms; nor would it seem reasonable to suppose that the legislature intended to give to an action for the recovery of money only, when a second trial has been obtained, the effect of a Hs pendens binding the lands of the defendant to answer any judgment which may be rendered in the future; an effect which no other action for the recovery of money has.
The statute regulating the lien of a judgment vacated by an appeal to the district court, is worded substantially like that under discussion, and, under it, this court has held that the lien of a judgment so vacated has precedence of a lien attaching during the pendency of the suit in the district court. Moore v. Rittenhouse, 15 Ohio S. 310.
If upon the second trial tire defendant recovers judgment, or if the plaintiff recovers a judgment less in amount than *396 that formerly obtained, this will operate as a satisfaction, complete os pro tanto, but it cannot be said that it affects the lien as such.
We are, therefore, clearly of opinion that the district court was right in deciding that the lien of the first judgment had precedence of the mortgage. We are equally clear, however, that the court was wrong in holding that the interest on the judgment was postponed to the mortgage lien.
The right of the judgment creditor to interest is derived from the judgment itself. It is part and parcel of it, as much as the principal sum therein adjudged to be due him, and the lien of the judgment covers both.
Freeman in his work on Ju.-tgments, says :—“ The lien of the judgment includes all amounts tor which execution may properly issue. In the absence ot anj statutory provision, interest could only be recovered by an action on the judgment, and was therefore no lien until it merged into the second judgment. But in all cases where the statute has provided for the collection of interest by execution, it is as much a lien as the principal recovered.”' Freeman on Judgments, marg. p. 341.
This we take to be a correct statement of the law.
We think that the judgment of the district court should be so far modified as to allow to plaintiff in error, as the first lien upon the land in dispute, the amount of her first judgment ($200 damages and $47.48 costs), with interest thereon from the first day of the term when rendered. In other respects the decree should be affirmed.

Judgment accordingly.